UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JILLIAN D. HOBBS, | ) | CASE NO. 5:10CV2069 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF SUMMIT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court are two motions to intervene as plaintiffs and to join defendants, one filed by Joyce A. Ranefeldt (Doc. No. 13), and the other filed by Kevin Hackney (Doc. No. 18, as corrected by Doc. No. 20). The motions are fully briefed and ripe for determination.[1] For the reasons set forth herein, both motions are denied.

## I. BACKGROUND

On September 15, 2011, plaintiff Jillian D. Hobbs filed a complaint[2] against Summit County and two of its deputy sheriffs, Scott Pylmire and Glenn Stott, alleging that her constitutional rights had been violated when, pursuant to policies or customs, she was arrested without a probable cause determination and taken into custody pursuant to a warrant issued and filed with the Clerk of the Barberton Municipal Court on September 17, 2009. She alleges that

---

[1] Plaintiff Hobbs has filed a response indicating that she does not oppose the intervention. (Doc. No. 15.) Defendants have opposed both motions (Doc. Nos. 17 and 24, respectively) and plaintiff filed a reply with respect to the first motion (Doc. No. 19) and, along with the proposed intervenor Hackney, a reply with respect to his motion (Doc. No. 38).

[2] The complaint purports to be a class action complaint; however, no class has yet been certified.

the warrant was "void *ab initio.*" (Compl. ¶ 36.) She further alleges that the arresting officer (defendant Plymire) signed a criminal complaint that was "sworn to and subscribed before defendant Stott acting as a deputy clerk of the Barberton Municipal Court[ ]" (*id.* ¶ 27), who "was not a neutral and detached magistrate as required by clearly established federal constitutional law." (*Id.*, ¶ 29.) Following a grand jury indictment, plaintiff was subsequently found guilty of burglary (on a no contest plea) and was sentenced to imprisonment.[3]

On January 21, 2011, Ranefeldt filed her motion to intervene as a plaintiff and to join as defendants Copley Township and two of its police officers, Detective Joe Krunich and Sergeant Jack Simone, in connection with her arrest for theft on June 11, 2010. Ranefeldt ultimately pled guilty to misdemeanor petty theft and is serving a term of community control coupled with a six-month term at the Summit County Community Based Corrections Facility. (Proposed Compl. ¶ 36.) She asserts that her claims are "nearly identical" to those of Hobbs and involve "a question of law or fact common to all defendants."

On March 7, 2011, Hackney filed his motion to intervene as a co-plaintiff and to also join as defendants Copley Township, Krunich, and Simone, also arguing that his claims "share the same basic questions of law and fact in common [with those of Hobbs and Ranefeldt]." In the alternative, the motion asserts that plaintiff Hobbs seeks leave to file an amended complaint to add Hackney as a plaintiff and the Township, Krunich and Simone as defendants. Hackney was arrested on May 11, 2010; he ultimately entered a plea of guilty to a misdemeanor making false alarms charge; a felony theft charge was dismissed. (Proposed Compl. ¶33.) He was sentenced to 30 days in the Summit County Jail, which was suspended, and he was placed on probation for one (1) year.

---

[3] Plaintiff has apparently served her entire sentence. *See* Doc. No. 41.

## II. DISCUSSION

The Federal Rules of Civil Procedure allow for permissive joinder and, in some circumstances, joinder as of right.

Permissive joinder is addressed by two rules.

First, under Fed.R.Civ.P. 20(a)(1), persons "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the claim." Under Rule 20(a)(2), persons may be joined as defendants in one action "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." To add a plaintiff and/or a defendant under Rule 20, one must meet both requirements (A) and (B) of each subsection (1) and (2).

Second, under Fed.R.Civ.P. 24(b)(1), "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

Intervention as of right is addressed by Fed.R.Civ.P. 24(a), which provides that, "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect his interest, unless existing parties adequately represent that interest."

The Court finds absolutely *no* basis under which either Ranefeldt or Hackney have a right to intervene under Rule 24(a). Neither of them has satisfied either of the conditions which establish intervention of right.

As for permissive intervention/joinder under Rule 20(a)(1)(A) and/or Rule 20(a)(2)(A), neither movant has established that there is a joint, several or alternative right to relief arising out of any common transaction or occurrence. Nor have they established under Rule 24(b)(1)(A) that some federal statute permits them to intervene. Rather, they rely only on what they assert is a common question of law or fact. Rules 20(a)(1)(B), (a)(2)(B), 24(b)(1)(B). Clearly, however, the facts surrounding the arrests, detentions, and prosecutions of Hobbs, Ranefeldt, and Hackney are so very different one from another that any possible commonality of legal issues pales by comparison.

In support of their motions, Ranefeldt and Hackney cite two cases, both of which are clearly distinguishable and provide no basis for intervention: *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir. 1987) and *Arrow Petroleum Co. v. Texaco, Inc.*, 500 F.Supp. 684 (S.D. Ohio 1980).

In *Meyer Goldberg*, cited by the movants without a pinpoint citation, a department store company sued three supermarket chains for an antitrust (price-fixing) conspiracy. The department store also sought to intervene in a prior antitrust case against the same defendants which had been settled. The department store wanted to intervene in the closed case in order to discover sealed tape recordings of conversations between the original plaintiff and defendants in which the conspiracy was allegedly discussed. The district court denied intervention into the closed case because the movant had failed to establish a common question of law or fact. The district court also explained that confidentiality "'*relied upon*' by a party in

4

entering into a settlement should not at a later dated be subject to reversal of the sealing order.'" 823 F.2d at 161 (quoting district court and adding emphasis). The department store appealed. "The issue presented [was] whether the district court abused its discretion under the circumstances in denying intervention and in continuing unabated the prior order sealing the material and information sought to be discovered." *Id*. The Sixth Circuit noted that the record "nowhere reflects a confidentiality relied upon by any party now before the court, nor does it explain exactly on what basis confidentiality was properly claimed to suppress potential antitrust conduct and information from public knowledge or from a party seeking to utilize this information in a related type of private antitrust action." *Id*. at 163. It remanded the case

> for a hearing in which the parties may be heard fully concerning [the department store company's] claim to seek to unseal the records, and the district court may support its reason for indicating that any of the parties relied upon the sealing of the tapes as a basis for settlement, or for its ruling that [the department store company's] claim and the main action do not "have a question of law or fact in common" *in light of the limited purpose of discovery intervention only*. We direct a remand, because the record does not reflect the district court's consideration of the strong underlying tradition of open records, and that only compelling reasons justify denial or continued denial of access to records of the type sought by appellant [...].

*Id*. at 164 (emphasis added). Quite clearly, the facts and circumstances of *Meyer Goldberg* are significantly different from those of the instant case.

The movants also cite *Arrow Petroleum Co.*, again without a pinpoint citation. In that case, Arrow Petroleum, a customer of Texaco (an oil company), filed a complaint to recover for breach of a Federal Energy Administration order requiring Texaco to supply gas to Arrow Petroleum under a consignment agreement. Hidy Transportation Company, which had the contract to transport whatever gas Texaco supplied to Arrow, moved to intervene, either as of right or permissively, claiming injury similar to Arrow Petroleum's arising from Texaco's

termination of its agreement with Arrow Petroleum. Hidy claimed status as a third party beneficiary of Texaco's agreement with Arrow Petroleum. The district court denied intervention. It concluded that Hidy did not have the *right* to intervene and, due to complexity and delay, would not be *permitted* to intervene since its interest would be adequately represented by Arrow Petroleum. The Court is not even sure why movants cited this case but, in any event, it is clearly distinguishable from the instant case.

The Court finds no basis in Rule 20 or Rule 24 to allow the movants to intervene as plaintiffs or to join new defendants.

### III. CONCLUSION

For the reasons set forth above, Doc. Nos. 13 and 18 are **DENIED**.[4]

**IT IS SO ORDERED**.

Dated: August 23, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Defendants have also filed a motion to dismiss this case, which the Court itself invited in view of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. No. 40.) That motion is not yet fully briefed or ripe for disposition; however, the Court is not inclined to add parties and/or claims before resolving that motion which might very well resolve this entire case or significantly narrow its possible reach.