# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JILLIAN HOBBS, | ) | CASE NO. 5:10CV2069 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COUNTY OF SUMMIT, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

This matter is before the Court on remand from the Sixth Circuit Court of Appeals,[1] with directions to consider plaintiff's third motion (Doc. No. 73) to extend the time for appeal from this Court's February 2, 2012 Memorandum Opinion and Judgment Entry dismissing the case for lack of subject matter jurisdiction,[2] and her related motion to alter or amend the order of November 26, 2012[3] denying that third motion (Doc. No. 75). The issue before the Court on remand is whether to extend plaintiff's time for filing an appeal from orders issued on February 2, 2012 and September 25, 2012.

## I. BACKGROUND

Plaintiff tried three times to extend the time for filing her notice of appeal.

---

[1] The court's opinion was issued on January 22, 2014 (Doc. No. 82), but the mandate did not issue until February 14, 2014 (Doc. No. 85).

[2] *See* Doc. Nos. 51, 52. On February 29, 2012, plaintiff filed a motion to extend the time for appeal (Doc. No. 53), along with a motion to alter/amend the February 2nd judgment. (Doc. No. 54 [the "first motion to alter/amend"].) On March 1, 2012, the Court denied the motion for extension as moot, since, under Fed. R. App. P. 4(a)(4)(A), the filing of a motion to alter or amend automatically had the effect of extending the time for appeal. Then, on September 25, 2012, the Court denied the first motion to alter/amend (Doc. No. 63), starting the appeal clock running. All three of plaintiff's motions to extend the time for appeal relate to her desire to appeal from Doc. Nos. 51/52 and 63.

[3] Doc. No. 74.

She filed a motion (Doc. No. 64 [the "first extension motion"]) on October 24, 2012 seeking a 30-day extension, but failing to provide any reason whatsoever for needing an extension, much less such a lengthy one. This Court denied the first extension motion on October 25, 2012. (Doc. No. 65.) Later that very same day, plaintiff filed another motion for extension (Doc. No. 66 [the "second extension motion"]), this time supplying reasons for the requested extension. But this Court, again on October 25, 2012, denied the second extension motion, concluding that plaintiff's reasons did not meet the "good cause" standard. (Doc. No. 67.)[4] Unfortunately, in the orders denying these two motions, the Court itself miscalculated the deadline for filing a notice of appeal, indicating mistakenly that the deadline was October 26, 2012. It was, in fact, October 25, 2012.

On October 26, 2012, plaintiff filed her notice of appeal from the orders of February 2, 2012 and September 25, 2012. (Doc. No. 68 [the "first appeal"].) On November 21, 2012, reacting to a motion to dismiss the first appeal as untimely that had been filed by defendants/appellees in the Sixth Circuit,[5] plaintiff filed her third motion for extension of time to appeal. (Doc. No. 73 [the "third extension motion"].) She sought a 14-day extension of time (from the date of any order granting this third motion) for leave to file a second notice of appeal to cure any untimeliness relating to her first appeal. On November 26, 2012, the Court denied the third extension motion, concluding that, due to the then-pending first appeal, it lacked jurisdiction to grant plaintiff's motion. (Doc. No. 74.)

---

[4] Since that time, plaintiff has appealed both of these denials; but the Court of Appeals concluded that the December 23, 2012 appeal from those orders was not timely. (*See* Doc. No. 82.)

[5] The Sixth Circuit's docket for Appeal No. 12-4281 shows that the appellees' motion was filed on November 6, 2012, and plaintiff/appellant's response in opposition was filed on November 15, 2012. On the sixth day thereafter, plaintiff filed her third motion for extension in this Court.

On December 23, 2012, plaintiff filed a motion to alter or amend all three orders denying the three motions for extension of time to appeal. (Doc. No. 75, [the "second motion to alter/amend"].) At the same time, plaintiff filed a notice of appeal from the three denial orders. (Doc. No. 76 [the "second appeal"].) On December 27, 2012, the Court denied the second motion to alter/amend. (Doc. No. 77.) On January 6, 2013, plaintiff filed an amended notice of appeal, adding to the second appeal, an appeal from this latest denial. (Doc. No. 79 [the "second appeal, as amended"].)

On April 9, 2013, the Sixth Circuit dismissed the first appeal as untimely, noting that the dismissal was without prejudice to moving for reinstatement should plaintiff/appellant prevail on the second appeal, as amended. (Doc. No. 81.)

On January 22, 2014, this Court received the information copy of the order in the second appeal, as amended, vacating Doc. Nos. 74 and 77 and remanding for consideration of the third extension motion and the second motion to alter/amend. Those two motions are now before this Court.[6]

## II. DISCUSSION

For purposes of the single issue on remand, namely, whether plaintiff should be granted an extension of time to file her appeal from this Court's February 2, 2012 and September 25, 2012 rulings, despite the complicated procedural history just summarized, there are only a few relevant dates and federal rules.

Although this Court first ruled on February 2, 2012, dismissing the case, plaintiff's time for filing her notice of appeal from that order was automatically extended under

---

[6] Following the remand order, but before issuance of the mandate restoring this Court's jurisdiction, plaintiff filed a motion to vacate the previous dismissal of her action. (Doc. No. 83, seeking to vacate Doc. Nos. 51, 52, and 63.) This motion is fully briefed; however, in view of the current order granting additional time to file an appeal, the Court denies Doc. No. 83, without prejudice to renewal at an appropriate time.

the terms of Fed. R. App. P. 4(a)(4)(A)(iv), which provides that, if a Rule 59 motion to alter or amend the judgment is filed, "the time to file an appeal runs for all parties from the entry of the order disposing of [such] motion." The Court ruled on plaintiff's first motion to alter/amend on September 25, 2012. Thus, the deadline for filing the notice of appeal was October 25, 2012.

It is now clear that plaintiff missed that deadline by one day and her first appeal was dismissed as untimely, without prejudice to reinstatement should she prevail on her second appeal. (*See* Doc. No. 81.) Her right to seek any reinstatement under the first appeal's dismissal order will depend upon whether she is now granted an extension of time to appeal.

Fed. R. App. 4(a)(5)(A) provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Here, the time prescribed by Rule 4(a) expired on October 25, 2012 and plaintiff's third extension motion, filed on November 21, 2012, was not "later than 30 days after [that] time." Therefore, the motion was timely. The question then becomes whether the standard of "excusable neglect or good cause" has been met.

When dismissing the first appeal, the Sixth Circuit noted that an "'untimely notice—even though filed in reliance upon a District Court's order—deprived the Court of Appeals of jurisdiction.'" (Order [Doc. No. 81] at 605, quoting *Bowles v. Russell*, 551 U.S. 205, 206-07, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007)). Although plaintiff/appellant had argued, in part, her reliance upon this Court's statement that the deadline was October 26th, because the

4

time period is "jurisdictional and cannot be waived[,]" (*id.*, quoting *Bowles*), and because this Court had actually *denied* an extension, the first appeal was late.

That said, if this Court *had* granted an extension, so long as it was within the standards and time frames set by the rules,[7] one can assume the Court of Appeals would have had jurisdiction, at the very least to determine whether this Court had abused its discretion in granting an extension.

The Court now turns, therefore, to whether plaintiff has shown "excusable neglect or good cause." Plaintiff argues that she has met both standards because of her reliance upon this Court's statement that her notice of appeal was not due until October 26, 2012, a date that was incorrect and resulted in the dismissal of her first appeal.

The Court adheres to its original finding that plaintiff has not shown "good cause." The reasons supplied by plaintiff in her second extension motion included (1) that she was then incarcerated (beginning on October 1, 2012 and running for 60 days) and it was difficult for her counsel to speak with her; (2) that one of plaintiff's attorneys was relocating his office; (3) that plaintiff's counsel was seeking the assistance of pro bono counsel; and (4) that a motion for reconsideration of her state appeal remained pending in the Ohio Supreme Court. (*See* Doc. No. 66.) In *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006), the court stated that "[g]ood cause will be found where forces beyond the control of the appellant prevent[] her from filing a notice of appeal." In denying plaintiff's second extension motion, this Court noted that the filing of a notice of appeal does not require substantive argument or immediate briefing,

---

[7] In *Bowles*, a petitioner who had missed his appeal deadline moved to reopen the period during which he could file his notice of appeal. The district court granted the motion, but gave him 17 days, when the rules permit only 14. The petitioner's appeal, filed on the 16th day of the 17-day period granted by the district court, was ruled untimely and dismissed by the court of appeals. The Supreme Court affirmed the dismissal.

and that none of the reasons cited by plaintiff in her motion would prevent performance of this simple clerical task.

On October 25, 2012, when the Court issued its ruling on the second extension motion, determining that there was no "good cause" for any extension, it was still operating under the mistaken impression that plaintiff had until October 26, 2012 to file her notice of appeal. The issue of "excusable neglect" was not ripe and was not discussed. However, in light of the current circumstances, the Court turns to that discussion.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993),[8] the Court considered the meaning of "excusable neglect," and concluded that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. "Relevant factors include the danger of prejudice to the other party, the length and reason for the delay--including whether it was within the party's control--and whether the party acted in good faith." *Proctor v. N. Lakes Cmty. Mental Health*, No. 13-1694, 2014 WL 259964, at *5 (6th Cir. Jan. 23, 2014) (citing *Pioneer*). "Despite providing factors, the Supreme Court noted that excusable neglect 'is a somewhat elastic concept[.]'" *Id.* (quoting *Pioneer*, 507 U.S. at 392).

"The *Pioneer* factors 'do not carry equal weight; the excuse given for the filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.'" *United States v. Munoz*, 605 F.3d

---

[8] Although *Pioneer* was examining the meaning of "excusable neglect" within the bankruptcy rules, the Sixth Circuit has joined other circuits in holding that its analysis applies to civil appeals under Fed. R. App. 4(a). *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996) (citing *Fink v. Union Central Life Ins. Co.,* 65 F.3d 722, 723 24 (8th Cir. 1995); *Reynolds v. Wagner,* 55 F.3d 1426, 1429 (9th Cir.), *cert. denied,* 516 U.S. 932, 116 S. Ct. 339, 133 L. Ed. 2d 237 (1995); *Virella–Nieves v. Briggs & Stratton Corp.,* 53 F.3d 451, 454 n.3 (1st Cir. 1995); *City of Chanute, Kan. v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied,* 513 U.S. 1191, 115 S. Ct. 1254, 131 L. Ed. 2d 135 (1995)).

359, 372 (6th Cir.2010) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000); citing other cases).

Here, applying the factors in *Pioneer*, the Court concludes that plaintiff has shown "excusable neglect," under these narrow circumstances.

First, there is no reason to believe that plaintiff, whose counsel has been consistently diligent, would not have timely filed her appeal on October 25, 2012, had this Court not mistakenly told her that October 26, 2012 was the deadline. When, on October 25, 2012, the Court denied the first extension motion for failure to provide any reasons (also mentioning the incorrect October 25, 2012 filing deadline), plaintiff *immediately* filed a second extension motion, giving reasons. Although the Court rejected those reasons, if it had not mistakenly repeated that her deadline was October 26, she undoubtedly would have *immediately* filed her notice of appeal on October 25, 2012, just as she had immediately filed her second extension motion when the first was denied. There is nothing in counsel's performance before this Court to suggest otherwise. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[]" on counsel's part, *Pioneer*, 507 U.S. at 392, it is not, in this Court's view, *neglect* to rely upon a Court's orders and representations and, if it *is* neglect, it most certainly is *excusable*, especially where, as here, that reliance resulted in missing the deadline by a mere one day. Although the court of appeals did not have the jurisdictional freedom to overlook that one-day delay, resulting in its dismissal of the first appeal, this Court certainly can, and should, consider the cause of the one-day delay when applying the equitable test set forth in *Pioneer*.

Second, the Court believes there is no prejudice to either party, least of all defendants, if an extension is granted even at this late date. Nor is there any great impact on the

judicial proceedings in general, other than rendering an already long-pending case even longer. The underlying issues are constitutional in nature--legal issues that are not particularly dependent upon facts that will now be hard to prove, or upon witnesses whose testimony might now be unavailable, or anything else of that ilk. Plaintiff claims to be challenging arrest procedures (not her underlying conviction), alleging that she was arrested without a probable cause determination by a neutral and detached magistrate, that she was taken into custody pursuant to a warrant issued and filed with the Clerk of the Barberton Municipal Court and on the strength of a criminal complaint sworn to and subscribed by one defendant officer before another defendant officer who was acting in the dual role of deputy clerk for the municipal court. She seeks declaratory and injunctive relief against those allegedly routine practices, and damages for the few months she claims she was held until probable cause was properly determined. This Court has ruled that her claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). She should be permitted to test the correctness of this ruling and should not be forever barred due to a miscue provided by this Court. To rule otherwise would exalt form over substance and would ignore the discretion *permitted* by the federal rules to grant extensions of time in limited circumstances such as this one.

Having determined that plaintiff should be granted an extension, the Court advises that Fed. R. Civ. P. 4(a)(5)(C) provides: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. Civ. P. 4(a)(5)(C). Pursuant to that rule, plaintiff shall have leave until 14 days after the date of this order to take appropriate action.

## III. CONCLUSION

For the reasons stated herein, plaintiff's third motion to extend the time for appeal (Doc. No. 73) is **GRANTED**. The second motion to alter/amend (Doc. No. 75) is **DENIED as moot**. Pursuant to Fed. R. App. P. 4(a)(5)(C), plaintiff shall have 14 days from the date of this order to take appropriate action. Further, plaintiff's motion to vacate (Doc. No. 83) is **DENIED without prejudice to renewal** at an appropriate time.

**IT IS SO ORDERED**.

Dated: July 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**